**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ANTHONY HERNANDEZ,** on behalf of himself, and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> **C-THRU WINDOW FILM, INC.,** an Illinois Corporation and **HANNAH MALIN,** individually <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

№. 21-cv

Honorable Judge

Magistrate Judge

***JURY DEMAND***

**COMPLAINT**

NOW COMES Plaintiff, **ANTHONY HERNANDEZ**, on behalf of himself and all other Plaintiffs similarly situated, by and through his attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON OF BILLHORN LAW FIRM, and for his Complaint against Defendants **C-THRU WINDOW FILM, INC.,** an Illinois corporation, and **HANNAH MALIN,** individually, states as follows:

## I.     NATURE OF ACTION

1.     This action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206-207, the Illinois Prevailing Wage Act, 820 ILCS §130/1 *et seq.* ("IPWA"), the Illinois Minimum Wage Law ("IMWL"), 820 ILCS §105/1 *et seq*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago.

## II.    <u>JURISDICTION AND VENUE</u>

2.    Jurisdiction arises under the provisions the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and for the supplemental state and municipal statutory claims pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business with the federal government in this district.

## III.    <u>THE PARTIES</u>

3.    Defendant, **C-THRU WINDOW FILM, INC.** (herein referred to as "Defendant" or "CTWF"), operates a window tinting business that performs a variety of window services for both private and public clients throughout Chicago, the surrounding suburbs and Illinois.[1] CTWF is located at 425 Huehl Rd., #11B in Northbrook, Illinois.

4.    Defendant CTWF is a contractor of the federal government, as defined and within the meaning of the Davis-Bacon and Related Acts ("DBA"), Section 40 U.S.C. §3141(1) and based upon information and belief formed after reasonably inquiry, performed work for the federal government on a contract basis for an amount in excess of $2,000 as required by 40 U.S.C. §3142(A).

5.    During all relevant times, CTWF, as an entity contracting with the federal government, was required to pay to its laborers, including Plaintiff, the prevailing minimum and overtime wage rates pursuant to 40 U.S.C. §3142(b), (e).

6.    Further, upon information and belief, because CTWF entered into contracts with the Federal Government or a territory of the United States that required the employment

---

[1] https://c-thruwindowfilm.com/

2

of laborers or mechanics on a public work of the Federal Government or territory of the United States, CTWF's public works projects were covered by the Contract Work Hours and Safety Standards Act ("CWHSSA") pursuant to 40 U.S.C. §3701(b)(1)(a).

7. As such, the work performed by Plaintiff at issue in this Complaint are subject to the prevailing wage and prevailing overtime wage provisions of the DBA and CCWHS.

8. CTWF also contracted with the State of Illinois to perform services on public works and employed laborers, such as Plaintiff and members of the Plaintiff Class, that were required to be paid at the appropriate prevailing wage rate set forth by the IWPA, Illinois counties and the Illinois Department of Labor.

9. CTWF is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

10. Defendant, **HANNAH MALIN,** is the owner of CTWF. In her capacity as owner of CTWF, Malin was vested with the authority to implement and carry out the wage and hour practices of CTWF, including payment of required prevailing wages and corresponding overtime wages.

11. Malin, as the owner and principal of CTWF, exercised day-to-day operational control over CTWF and possessed the authority to enter into federal and state government

contracts that mandated CTWF to pay to its employees prevailing wages for work performed on public works projects.

12.     Malin, though her role as the owner of CTWF, hired Plaintiff and members of the Plaintiff Class to perform these public works projects covered by the DBA, CWHSSA and IWPA.

13.     Plaintiff was directed to, and did, communicate all employment issues, including the prevailing wage violations asserted herein, to Malin and Malin in turn responded to those communications with the authority described above. Thus, at all times relevant hereto Malin was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

14.     Plaintiff, **ANTHONY HERNANDEZ** (hereinafter referred to as "Plaintiff" or "the named Plaintiff")**,** is a current employee of CTWF who is employed as a window tinter. Plaintiff's primary job duty is manual labor related to installation of window tints, security films, etc. at the locations of Defendants' public and private clients.

15.     During Plaintiff's employment, Plaintiff performed work for public entities subject to the prevailing wage requirements of the DBA, 40 U.S.C. §3141, *et seq.* and IPWA, 820 ILCS §130/1 *et seq.* The public works projects for which Plaintiff performed work were covered by the DBA, CWHSSA and IPWA, and Plaintiff was a "laborer" as defined by each statute.

16.     However, during the course of Plaintiff's employment, Plaintiff was paid less than the required prevailing wage and corresponding overtime rate for work performed for government entities in violation of the FLSA, IPWA, IMWL and CMWO.

17.     During Plaintiff's employment, he frequently worked in excess of 40 hours per week without compensation at the proper prevailing wage rates of pay.

18.     All other unnamed Plaintiffs known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants and were also not paid at the prevailing wage rates and corresponding overtime rates as required by law.

## IV.     STATUTORY VIOLATIONS

### Fair Labor Standards Act

19.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Prevailing Wage Act

20.     Pursuant to the Illinois Prevailing Wage Act, and 820 ILCS §130/1 *et seq.* Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date five (5) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V. The claims asserted by Plaintiff herein under the IPWA are proper for certification under Federal Rule of Civil Procedure 23.

### Illinois Minimum Wage Law

21.     Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count V of this action is brought by Plaintiff to recover unpaid back wages earned on or before the

date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V. The claims asserted by Plaintiffs herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

**Chicago Minimum Wage Ordinance**

22.   Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, Count VI of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count VI. The claims asserted by Plaintiff herein under the CMWO are proper for certification under Federal Rule of Civil Procedure 23.

**V.    FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

23.    Plaintiff at all times pertinent to the cause of action was employed by Defendants, said employment being integral and indispensable to Defendants' business.

24.    Plaintiff is currently employed by Defendants as a window tinter. Plaintiff began working for Defendants in approximately September 2019.

25.    Plaintiff performed manual labor duties related to installing window tints, security films, and other products sold by Defendants.

26.    Plaintiff performed work across within the City of Chicago, Chicago suburbs and other areas around Illinois.

27.    Plaintiff is paid as an hourly employee. Plaintiff's regular rate of pay is approximately $22.00 per hour.

28.     Plaintiff is a full-time employee of Defendants and typically worked at least 40 hours per week. Oftentimes, Plaintiff worked over 40 hours in individual work weeks.

29.     As part of Plaintiff's employment, Plaintiff was and is regularly assigned to public works projects that, upon information and belief, were performed pursuant to contracts covered by the DBA, CWHSSA and IPWA and subject to prevailing wages mandated by the DBA and IPWA.

30.     Plaintiff is a laborer as defined by the DBA, CWHSSA and IWPA.

31.     Plaintiff has installed window tints, films and other window accessory products at places of worship, schools, veteran facilities, law enforcement facilities and other facilities and entities that, upon information and belief, were subject to prevailing wage rates under the DBRA and IPWA.

32.     Plaintiff worked numerous hours at public works job sites subject to the prevailing wage laws asserted herein. At times, Plaintiff worked in excess of 40 hours in individual work weeks at these public works sites subject to prevailing wage rates.

33.     At times over the course of his employment, Plaintiff requested Defendants, including Hannah Malin, for information and details about the prevailing wage jobs and the corresponding contracts (i.e., worker designation, applicable prevailing wage rate, etc.). However, Defendants repeatedly declined to provide Plaintiff with said information, responding only generally that the projects in question were subject to prevailing wage rates.

34.     Plaintiff did not receive the required prevailing wage rate or corresponding overtime rate for work performed at these job sites. When Plaintiff received his paystubs after working a prevailing wage job, the paystubs only reflected his regular hourly and overtime rates of pay. The paystubs did not reflect the required prevailing wage rates and corresponding

overtime rates or include any other details about the public works projects Plaintiff worked at during the relevant pay period.

35.     When Plaintiff worked a prevailing wage job, he at times received only certain amounts designated "other earnings" on his paystubs, which he understood to be a bonus for working a prevailing wage job. However, upon information and belief, these "bonuses" were not equal to the required prevailing wage and overtime rates for the public works projects. Defendants did not provide any details about these "other earnings" or "bonuses", such as the hours and rates used in the calculations, worker classifications used to determine any rates applicable to the "bonuses", or the specific reason(s) for the additional payment, etc.

36.     Additionally, Plaintiff and all similarly situated members of the Plaintiff Class performed window tint installation and related services at job sites involving public property, places of worship, schools, veteran and law enforcement facilities and other locales and facilities covered by the DBA, CWHSSA and IPWA without being compensated at the general prevailing rate of hourly and overtime wages as required by federal and state law.

37.     Because the applicable prevailing wage as set forth by the DBA was the applicable minimum wage to be paid to Plaintiff and the Plaintiff Class for federal public works projects, Defendants' failure to pay the prevailing wage was and is a violation of the minimum wage provisions of the FLSA.

38.     Similarly, Defendants' failure to pay overtime at a rate of one and one-half of Plaintiff's regular rate, which for federal public works projects was one and one-half times the prevailing rate, was and is a violation of the overtime provisions of the FLSA.

39.     Defendants' violations of the DBA and CWHSSA as to prevailing minimum and overtime wages are also violations of the FLSA, as the minimum wage and overtime

provisions of the FLSA apply to the prevailing wage and overtime provisions of the DBA and CWHSSA.

40.     Similarly, Defendants' violations of the IWPA as to minimum and overtime prevailing wages are also violations of the IMWL and CMWO.

41.     The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of hours eligible for prevailing wages for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516.

42.     The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

43.     The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendants and are common to a group or "class" of past and present hourly employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-43.     Paragraphs 1 through 43 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 43 of this Count I.

44.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*, Plaintiff, and members of the Plaintiff Class, are entitled to compensation for all hours worked and

compensated at a the applicable minimum wage, which in this case is the prevailing rate as set forth by the DBA, and a rate not less than one and one-half times the regular rate of pay, which in this case is one and one-half times the prevailing rate as set forth by the DBA, for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

45.     Defendants have at all times relevant hereto failed and refused to pay compensation to Plaintiff, and the Plaintiff Class, as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)     back pay equal to the amount of all unpaid minimum wage and overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)     prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c)     Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d)     such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-45.     Paragraphs 1 through 45 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 45 of Count II.

46.     Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and

custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

47.     Pursuant to the Fair Labor Standards Act, Plaintiff is entitled to compensation at a rate not less than the applicable minimum wage, which in this case is the prevailing rate as set forth by the DBA, and one and one-half times his regular rate of pay, which in this case is one and one-half times the prevailing rate as set forth by the DBA, for all hours worked in excess of forty (40) in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)     back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)     prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)     Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d)     such additional relief the Court deems appropriate under the circumstances.

**COUNT III**

**LIQUIDATED DAMAGES
UNDER THE FAIR LABOR STANDARDS ACT**

1-47     Paragraphs 1 through 47 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 47 of Count III.

48.     In denying Plaintiff compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory

provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

49.     Plaintiff is entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)      liquidated damages equal to the amount of all unpaid compensation;

(b)      Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c)      for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS PREVAILING WAGE ACT

1-49.    Paragraphs 1 through 49 of Count III  are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 49 of this Count IV.

50.     As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the prevailing wage provisions of the Illinois Prevailing Wage Act, 820 ILCS §130/0.01 *et seq*.

51.     The Illinois Prevailing Wage Act provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the difference between the wages paid and the prevailing wage and for additional punitive damages penalty in the amount of in the amount of 2% of the amount the value of the potential penalty to the State for underpayments for each month

following the date of payment during which such underpayments remain unpaid. The applicable statute of limitations for this claim is five (5) years. Pursuant to the IPWA, Plaintiff class members were entitled to be compensated at the general prevailing rate of hourly wages.

52.    Defendants' failure to pay compensation as described above has been willful and/or in bad faith.

53.    Plaintiff seeks certification of the Illinois Prevailing Wage Act violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding them:

(a)    A judgment in an amount to be determined at trial for all of the earned wages due to Plaintiff;

(b)    punitive damages penalty in the amount of in the amount of 2% of the amount the value of the potential penalty to the State for underpayments for each month following the date of payment during which such underpayments remain unpaid;

(c)    directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(d)    for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

## SUPPLEMENTAL STATE LAW CLAIM
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-53.    Paragraphs 1 through 53 of Count VI are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 53 of this Count V.

54.    As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

55.     The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of minimum and overtime wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for (a) an additional statutory interest penalty of 2% amount of the amount of such underpayments for each month following the date such underpayments that remain unpaid through February 18, 2019 and (b) treble the amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments each month for damages incurred thereafter.

56.     Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order:

(a)     declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b)     awarding an amount of damages, to be shown by the evidence, to which Plaintiff is entitled;

(c)     allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d)     directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

## COUNT VI

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-56.     Paragraphs 1 through 56 of Count V are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 56 of this Count VI.

57.     Plaintiff was an "employee" under the CMWO§ 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

58.     Defendants were each an "employer" as defined in the CMWO§ 1-24-10.

59.     Under § 1-24-020, Plaintiff was entitled to be compensated at the applicable minimum wage, which in this case is the prevailing rate as set forth by the IPWA.

60.     Under § 1-24-040, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay, which in this case is one and one-half times the prevailing rate as set forth by the IPWA.

61.     Defendants' failure and refusal to pay such wages as described herein were violations of the minimum wage and maximum hour provisions of the § 1-24-020 and 040.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)     Judgment in the amount of unpaid overtime compensation found due as alleged herein;

(b)     Statutory interest damages in the amount of three times the amount of unpaid compensation;

(c).     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d)     for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 12/08/2021*

/s/ John W. Billhorn

_____

John William Billhorn
Samuel D. Engelson

Attorneys for Plaintiff, and all other

15

Plaintiffs similarly situated, known or unknown.

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450